11 PLOTKIN, Judge.
The sole issue in this appeal is whether prescription bars a petition for nullity filed by the plaintiff, Jeanette Dodge Dauzat, as natural tutrix of the minor child Candace Jenny Dauzat, some seven years after the judgment was signed. Agreeing with the trial court’s finding that the petition was prescribed, we affirm the trial court judgment granting the exception of prescription filed by the defendants, Louisiana Patient’s Compensation Fund and the Louisiana Patient’s Compensation Fund Oversight Board (hereinafter referred to collectively as “the PCF”).

Facts

The pertinent procedural history of this case was summarized by the trial court as follows:
On January 11, 1989, Jeanette Dauzat was appointed natural tutrix of her minor child, Candace Dauzat, and was granted authority to settle a medical malpractice suit against Tulane Medical Center with her rights reserved to proceed against the Louisiana Patient’s Compensation Fund, (hereinafter “PCF”), for additional damages.
ROn April 4, 1989, in tutorship proceedings of Candace Dauzat, this Court executed a judgment authorizing Jeanette Dauzat to compromise her minor child’s claim for the sum of $400,000.00, together with all reasonable future medical expenses in accordance with LSA. R.S. 40:1299.43. On same day, this Court executed a judgment authorizing Jeanette Dauzat, together with the Office of the Attorney General for the State of Louisiana, the Office of the Commissioner of Insurance, and PCF to enter into settlement to pay the maximum which Candace Dauzat could recover, plus future medical care as provided by LSA. R.S. 40:1299.43, from the date of judgment.
Some seven years after the judgments were filed, on December 9, 1996, Ms. Dauzat filed a Petition to Annul the second judgment, claiming that the two judgments described above are inconsistent. The alleged inconsistency -is based in the fact that the first judgment, which gave Ms. Dauzat authority to settle her minor child’s claim against the PCF, provided for the payment of future medical expenses “in accordance with LSA-R.S. 40:1299.43,” which specifically provides from future medical expenses from the date of the act of malpractice (August 22, 1988), while the second judgment against PCF provided for the payment of future medical expenses only from the date of the judgment (April 4,1989). Ms. Dauzat claims that the second judgment was prepared by counsel for the PCF, and that she did not discover the inconsistency until November 22, 1996. She seeks annulment of the judgment as either an absolute nullity or a relative nullity.
The PCF responded by filing exceptions of no cause of action and prescription. The trial court maintained the exception of prescription, noting that Ms. Dauzat did not file the Petition for Nullity until some six years after signing of the judgments and finding that Ms. Dauzat “should have discovered the *1090 alleged conflicting provisions prior to 1996.” Ms. Dauzat appealed.
| ^Analysis
Although the briefs submitted by the parties focus more on the question of whether the judgment in question should be nullified under Louisiana law, the only question before this court is whether the Petition for Nullity was prescribed when it was filed on December 9,1996.
Louisiana law recognizes two types of nullity of judgments: (1) absolute nullities, governed by La. C.C.P. art.2002, and (2) relative nullities, governed by La. C.C.P. art.2004. Ms. Dauzat claims that the judgment attacked is absolutely null, or alternatively, relatively null.
La. C.C.P. art.2002, relative to absolute nullities, provides as follows:
A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds my[may] be brought at any time.
(Emphasis added.)
Ms. Dauzat’s argument that the judgment she contests is absolutely null is based on her assertion that any settlement judgment compromising a minor’s interests entered when a tutor fails to comply with either La. C.C.P. art. 4265 or La. C.C.P. art. 4271 is an absolute nullity, for which she fails to cite any authority. We are not able to find any authority to support that assertion; nor does the record contain evidence that Ms. Dauzat failed to comply with the requirements of either of those codal articles. Certainly Ms. Dauzat has not | .¡claimed that any of the three conditions listed in La. C.C.P. art.2002 is true in the instant case.
Moreover, we note that the provisions of La. C.C.P. art.2002 are expressly inapplicable when La. C.C.P. art.2003 applies. That article provides as follows:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
The record in the instant ease indicates that Ms. Dauzat acquiesced in the judgment in the instant case, or at least that she was present in the parish at the time the judgment was executed and did not attempt to enjoin its enforcement. In fact, she has attempted to enforce the judgment herself; thus, she has lost the right to claim that the judgment is an absolute nullity.
Concerning relative nullities, La. C.C.P. art.2004 provides as follows:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
(Emphasis added.)
Ms. Dauzat claims that her Petition for Nullity was not prescribed when it was filed on December 9, 1996 because she did not discover the alleged inconsistency between the two judgments until November 12, 1996, less than a month before the petition was filed. The trial judge rejected her argument, stating simply that Ms. Dauzat “should have discovered the alleged conflicting provisions prior to 1996.” In support of that finding, the trial judge cited McKinney Saw & Cycle v. Barris, 626 So.2d 786 (La.App. 2d Cir.1993).
IsContrary to Ms. Dauzat’s arguments, the jurisprudence has established that a Petition for Nullity can be untimely because it was filed more than one year after the time that the plaintiff should have discovered the alleged fraud or ill practices. Kambitsis v. Schwegmann Giant Supermarkets, 95-478 (La.App. 5 Cir. 11/15/95), 665 So.2d 500, 502, writ denied, 95-3016 (La.2/9/96), 667 So.2d 540. In the McKinney case, the court granted an exception of prescription challenging the timeliness of a Petition for Nullity on the basis of a finding that *1091 the plaintiffs “should have known that their contribution rights were in jeopardy” more than a year prior to filing the Petition for Nullity.
As in the McKinney ease and as the trial court found, Ms. Dauzat should have discovered the alleged inconsistencies between the two judgment more than a year before the petition in this ease was filed on December 9,1996. Under the relevant jurisprudence, prescription begins to run “[w]hen-ever there is notice enough to excite attention and put a person on his or her guard and suggest further investigation.” Kambitsis, 665 So.2d at 502. Ms. Dauzat apparently had access to the contested judgment from the date it was signed. This is not a case where the defendant engaged in some action or inaction to prevent the plaintiff from discovering her rights. Nothing in this record indicates that Ms. Dauzat was prevented from reviewing the judgment in question at any time after it was signed. Any problem with the judgment should have been discovered long before November 22,1996.

Conclusion

Accordingly, the trial court judgment maintaining the exception of prescription filed by PCF is affirmed.

AFFIRMED.